■ SARAH M. DEL VILLANO et al., Respondents-Appellants, v. RUTH A. LASKY, Appellant, and MARION A. SHAW et al., Respondents. ANN GABELLO et al., Respondents, v. MARION A. SHAW et al., Defendants, and RUTH LASKY, Appellant. MARION A. SHAW et al., Respondents, v. WILLIAM M. LASKY et al., Appellants. WILLIAM M. LASKY et al., Appellants, v. MARION A. SHAW et al., Respondents.— These appeals are from judgments based upon jury verdicts in various actions arising from a two-car collision at the intersection of Schiller and Schubert Streets in the City of Binghamton, New York. On November 1, 1956, shortly after midnight, Mrs. Shaw was driving a car owned by her husband in a westerly direction on Schubert Street, and Mrs. Lasky was driving a car owned by her husband in a southerly direction on Schiller Street, when the two cars collided within the intersection. By its verdicts the jury has obviously found that Mrs. Lasky was negligent and that Mrs. Shaw was not. Schubert Street, which is 30 feet in width, runs east and west, and Schiller Street, which is 28 feet wide, runs north and south. Schubert Street is a through street protected by stop signs at intersecting streets. There was a stop sign on Schiller Street intended to stop traffic before entering Schubert Street. However, after the accident it was found to be turned about 90 degrees and was facing east. Mrs. Lasky concedes that she did not come to a full stop before entering the intersection. The

evidence would permit the jury to find that Mrs. Shaw entered the intersection first and had progressed past the center of the intersection with the front of her car past the west curb of Schiller Street when her car was struck on the right side toward the rear by the Lasky car. Appellants Lasky complain that the charge of the court was generally unfair and particularly in that the court commented upon Mrs. Shaw's knowledge of the intersection and that she was supposedly protected by a stop sign on Schiller Street, while Mrs. Lasky was a stranger to the vicinity. No clear exception or request was made by appellants Lasky with reference to the portion of the charge which they now find objectionable. When read as a whole and in full context the charge fairly left the question of negligence of each driver squarely to the jury for its determination. The verdicts of the jury are amply supported by the evidence, and we do not find in this record any error of sufficient consequence to warrant a reversal. Judgment in each case unanimously affirmed, with costs. Present — Foster, P. J., Bergan, Coon, Gibson and Herlihy, JJ.